UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRANDON SCOZZARI,
    *Plaintiff*,

v.

TANTILLO *et al.*,
    *Defendants*.

No. 3:20-cv-1104 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Brandon Scozzari is a sentenced prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed this complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against two correctional officers, principally alleging that the defendants subjected him to cruel and unusual punishment in violation of his constitutional rights. *See* Doc. #1. For the reasons set forth below, I will allow his claim for excessive force under the Eighth Amendment to proceed.

**BACKGROUND**

The following facts are derived from the allegations in the complaint and accepted as true only for purposes of this ruling. Doc. #1.

On February 2, 2020, while confined as an inmate at Northern Correctional Institution, Scozzari had a scheduled phone call during the evening. *Id.* at 6 (¶ 11). At approximately 9PM, Correctional Officers Tantillo and Morrell entered the phone room. *Ibid.* (¶ 12). After Scozzari told Tantillo that he would like privacy, Tantillo hung up the phone and pulled Scozzari out of the phone room and up some stairs. *Ibid.* (¶¶ 12-13). At the top of the stairwell, Tantillo grabbed Scozzari by the hair and "slammed" Scozzari against a concrete wall, causing Scozzari's head to hit the concrete. *Ibid.* (¶ 13). Morell observed the incident and did not take any steps to stop Tantillo, instead laughing and patting Tantillo on the back. *Ibid.* (¶ 14).

Since the incident, Scozzari has been suffering from neck and upper back pain, as well as experiencing mental health distress and fearing for his safety. *Id.* at 7 (¶ ¶ 16-17). Scozzari sought medical treatment for the neck and upper back pain. *Ibid.* (¶ 16).

On August 3, 2020, Scozzari filed this lawsuit, bringing claims against Tantillo and Morell in their individual and official capacities. *Id.* at 5 (¶ ¶ 1, 2, 8, 9). Scozzari alleges claims for excessive force and deliberate indifference to health and safety under the Eighth Amendment. *Id.* at 7 (¶¶ 19-20). He seeks damages and injunctive relief. *Id.* at 8 (¶¶ 27-28).

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation, a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

*Eighth Amendment excessive force*

The Eighth Amendment to the U.S. Constitution protects against the infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII. "Although not every malevolent touch by a prison guard gives rise to a federal cause of action, inmates have the right to be free from the unnecessary and wanton infliction of pain at the hands of prison officials." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotations and citations omitted). In order to state an Eighth Amendment claim for the use of excessive force, an inmate must allege two elements: (1) a sufficiently serious use of force (the objective element) (2) that has been inflicted for malicious and sadistic reasons rather than in a good-faith effort to maintain or restore discipline (the subjective element). *See Harris v. Miller*, 818 F.3d 49, 63-64 (2d Cir. 2016) (*per curiam*). Officers are liable not only when they use excessive force themselves, but also when they fail to intervene to stop the excessive use of force by another officer when in a position to observe the conduct and with time to intervene. *See Sloley v. VanBramer*, 945 F.3d 30, 46-47 (2d Cir. 2019).

Scozzari has plainly alleged sufficient facts for initial review purposes to sustain a claim for Eighth Amendment excessive force against Tantillo. His complaint also sufficiently states an excessive force claim against Morell for failure to intervene, because it alleges that Morell was present during Tantillo's alleged attack and not only failed to take steps to stop it, but allegedly actively encouraged Tantillo. Accordingly, I will allow Scozzari's Eighth Amendment excessive force claim to proceed against Tantillo and Morell.

*Eighth Amendment deliberate indifference to safety and medical needs*

The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm or to the

3

serious medical needs of a sentenced prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

A deliberate indifference claim under the Eighth Amendment has two requirements. First, the prisoner must allege that he was subject to an objectively serious risk of harm or serious medical need, as distinct from what a reasonable person would understand to be a minor risk of harm or minor medical need. The condition must produce death, degeneration, or extreme pain. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d. Cir. 1996). Second, the prisoner must allege that a defendant prison official acted not merely carelessly or negligently but with a subjectively reckless state of mind akin to criminal recklessness (*i.e.*, reflecting actual awareness of a substantial risk that serious harm to the prisoner would result). *See Benjamin v. Pillai*, 794 F. App'x 8, 11 (2d Cir. 2019) (explaining that a sentenced prisoner must prove "that the charged official possessed 'a state of mind that is the equivalent of criminal recklessness'") (quoting *Hathaway v. Coughlin,* 99 F.3d 550, 553 (2d Cir. 1996)); *see also, e.g.*, *Spavone v. N.Y. State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*).

Scozzari's allegations do not support his deliberate indifference claim against the defendants. After Tantillo allegedly threw him against the wall, Scozzari experienced head and upper back pain. But the question is not only whether Scozzari's injuries were sufficiently serious, but whether the medical care was inadequate. *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). Scozzari's complaint states that he received medical care for his injuries and does not allege that either Tantillo or Morell prevented Scozzari from seeking medical care or that his medical care was inadequate. Accordingly, I will dismiss Scozarri's deliberate

4

indifference claims to the extent that they allege wrongdoing by the defendants beyond their use of excessive force and the failure to intervene.

### *Claim for injunctive relief*

Scozzari seeks an injunction to require that defendants stay away from him for the duration of his incarceration. Doc. #1 at 8 (¶ 28). Because Scozzari has yet to substantiate the merits of his claims and does not allege that he is subject to an ongoing violation of his rights or that he is likely to be subject again to the use of excessive force by any of the defendants, there is no basis at this time to consider his requests for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983); *Shain v. Ellison*, 356 F.3d 211, 215-16 (2d Cir. 2004); *Bragdon v. Baccus*, 2020 WL 2113606, at *4 (D. Conn. 2020).

### *Official capacity claims*

Because both defendants work for the DOC, they are immune from money damages suits in their official capacities. *See Currytto v. Doe*, 2019 WL 2062432, at *4 (D. Conn. 2019) (citing *Pennhurst State Sch. & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984) and *Davis v. New York*, 316 F.3d 93 (2d Cir. 2002)). Accordingly, I will dismiss all official-capacity claims for money damages, and the claims against the defendants shall proceed against them in their personal capacity only.

## CONCLUSION

In accordance with the reasons stated above, the Court enters the following orders:

(1) Scozzari's Eighth Amendment claim for excessive force and failure to intervene may proceed against defendants Tantillo and Morell in their individual capacities. All other claims are DISMISSED.

(2)     The Clerk shall verify the current work addresses for the Tantillo and Morell with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint of those defendants at the confirmed addresses **within twenty-one (21) days of this Order**, and report to the Court on the status of the waiver requests by no later than the **thirty-fifth (35) day** after mailing. If any defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(3)     All defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.

(4)     The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(5)     The discovery deadline is extended to **six months (180 days)** from the date of this Order. The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which the Clerk must sent to plaintiff with a copy of this Order. The order can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders. Note that discovery requests should not be filed with the Court. In the event of a dispute over discovery, the parties should make a good faith effort to resolve the dispute amongst themselves; then, the parties should file the appropriate motion to compel on the docket.

(6)       The deadline for summary judgment motions is extended to **seven months (210 days)** from the date of this Order.

(7)       Pursuant to Local Rule 7(a), a nonmoving party must respond to a dispositive motion (*i.e.*, a motion to dismiss or a motion for summary judgment) within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the Court may grant the dispositive motion without further proceedings.

(8)       If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the Court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he must indicate all of the case numbers in the notification of change of address. Plaintiff must also notify defendants or defense counsel of his new address.

(9)       Plaintiff shall utilize the Prisoner E-Filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file with the Court. As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

It is so ordered.

Dated at New Haven, Connecticut this 31st day of August 2020.

                /s/ *Jeffrey Alker Meyer*
               Jeffrey Alker Meyer
               United States District Judge